IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **SALVADOR GONZALEZ** § | | **CIVIL ACTION NO.** |
| § | | |
| **Plaintiff,** § | | |
| vs. § | | 7:16-cv-00027 |
| § | | |
| **STATE FARM LLOYDS** § | | |
| **AND DAVID EWALD** § | | |
| § | | |
| **Defendants** § | | **JURY REQUESTED** |

## STATE FARM LLOYDS' AND DAVID EWALD'S NOTICE OF REMOVAL

State Farm Lloyds and David Ewald file this Notice of Removal pursuant to 28 U.S.C. § 1446(a) (2012). In support hereof, State Farm Lloyds and David Ewald would respectfully show the Court as follows:

### BRIEF STATEMENT OF NOTICE

1. This is a civil action dispute between Plaintiff Salvador Gonzalez, State Farm Lloyds and David Ewald concerning an insurance claim for damage to Plaintiff's property in Hidalgo County, Texas, purportedly caused by a storm that occurred on or about March 26, 2015. Plaintiff is a citizen of the State of Texas, and State Farm Lloyds is an unincorporated insurance association whose underwriters are all citizens of states other than Texas.[1] Defendant David Ewald is a citizen of the State of Texas, but as he has been fraudulently joined, his citizenship should not be considered. Accordingly, because there is complete diversity of citizenship between Plaintiff on the one hand and State Farm Lloyds on the other, and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

---

[1] For purposes of ascertaining diversity jurisdiction, an unincorporated insurance association is considered to have the citizenship of its underwriters. See *Royal Insurance Co. v. Quinn-L Corp.*, 3 F.3d 877, 882-883 (5th Cir. 1993), cert. denied, 511 U.S. 1032 (1994).

jurisdiction is correctly vested in this Court.  See *Burden v. General Dynamics Corp.*, 60 F.3d 213, 220-221 (5th Cir. 1995).

## PROCEDURAL BACKGROUND

2. On or about December 7, 2015, Plaintiff filed the Original Petition in Cause No. C-5995-15-E, styled *Salvador Gonzalez v. State Farm Lloyds and David Ewald*, in the 275th Judicial District Court, Hidalgo County, Texas.  State Farm Lloyds was served with Plaintiff's Original Petition and citation on December 17, 2015.  David Ewald was served with Plaintiff's Original Petition and citation on or about December 24, 2015.

3. This Notice of Removal is filed by State Farm Lloyds and David Ewald within thirty (30) days after the date on which State Farm Lloyds was served with Plaintiff's Original Petition and citation.  It is therefore timely under 28 U.S.C. § 1446(b) (2012).

## BASIS FOR REMOVAL

4. Removal is proper pursuant to 28 U.S.C. § 1332 (2012) because there is complete diversity of citizenship between Plaintiff on the one hand and State Farm Lloyds on the other.  Further, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

   a. **Amount in Controversy.**

5. The Plaintiff's Original Petition alleges in paragraph XI that the Plaintiff is seeking monetary relief "over $100,000.00 but not more than $200,000.00."

   b. **Diversity of Citizenship.**

6. **Plaintiff, Salvador Gonzalez**.  At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm asserts Plaintiff was and is a citizen of the State of Texas.  See *Plaintiff's Original Petition* at section II entitled "Parties and

Service," p. 1, included with the *Index of State Court Papers* attached as <u>Exhibit A</u> hereto, incorporated herein, and made a part hereof for all pertinent purposes.

7. **Defendant, State Farm Lloyds**. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm Lloyds was and is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas. Accordingly, State Farm Lloyds is not a citizen of the State of Texas for purposes of federal diversity jurisdiction. *See, e.g., Boles v. State Farm Lloyds*, 2013 WL 3820978 at *4 (S.D. Tex. July 23, 2013) ("State Farm Lloyds is an unincorporated association of insurance underwriters, so each member's citizenship will dictate if complete diversity exists. Twelve individual underwriters comprise State Farm Lloyds, with eleven members maintaining residences and full-time employment in the State of Illinois, and one member maintaining a residence and full time employment in the State of Pennsylvania"); *Garza v. State Farm Lloyds*, 2013 WL 3439851 at * 2 (S.D. Tex. July 8, 2013) ("the Court finds that State Farm has sufficiently demonstrated, by a preponderance of the evidence, that its underwriters are not citizens of Texas"); *Cronin v. State Farm Lloyds*, 2008 WL 4649653 at *2 (S.D. Tex. October 10, 2008) (citizenship of State Farm Lloyds diverse from that of Texas plaintiffs); *Alonzo v. State Farm Lloyds*, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (same); *Caballero v. State Farm Lloyds*, 2003 WL 23109217, at *1 (S.D. Tex. October 31, 2003) (same); *Rappaport v. State Farm Lloyds*, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

8. **Defendant, David Ewald**. As set forth below, Mr. Ewald is a citizen of the State of Texas. However, he has been fraudulently joined in this lawsuit. Therefore, his citizenship should be ignored. Therefore, between the Plaintiffs and Defendant, State Farm Lloyds, there is complete diversity of citizenship.

**FRAUDULENT JOINDER OF DAVID EWALD**

9. Defendant Ewald has been fraudulently joined in this case as a Defendant solely to defeat diversity jurisdiction. The claims against him are baseless in law and fact, and should be dismissed. Therefore, his citizenship should be ignored in determining if diversity exists. In *Campbell v. Stone Ins. Co.*, 509 F.3d 665 (5th Cir. 2007) the Fifth Circuit noted:

> To determine whether the district court correctly denied a motion to remand because the plaintiff improperly joined a nondiverse defendant to defeat subject matter jurisdiction, the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant. *See Ross v. Citifinancial, Inc.* 344 F.3d 458, 461 (5th Cir. 2003). The doctrine of improper joinder is a "narrow exception" to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a "heavy one." *McDonal v. Abbott Labs.,* 408 F.3d 177, 183 (5th Cir.2005) (quoting *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir.1999)). Under the second prong (inability to establish a cause of action), the court must determine whether "there is arguably a reasonable basis for predicting that state law might impose liability." *Ross* 344 F.3d at 462. "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one."*Id.* Further, the standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *Id.* at 462–63 (citing *Travis v. Irby* 326 F.3d 644, 648–49 (5th Cir.2003)). In conducting this inquiry, the court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* at 463 (quoting *Travis,* 326 F.3d at 649). "In addition, the Court must resolve all ambiguities of state law in favor of the non-removing party." *Id.*

*Id*. at 669. In the case at hand, Plaintiff is unable to establish a cause of action against Ewald.

10. The Fifth Circuit, in *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004), also held:

> The Texas Supreme Court has held that an insurance company employee who in the course of his employment engages in the business of insurance is a "person" whose conduct is regulated by Article 21.21 of the Texas Insurance Code and who is subject to liability thereunder for his violations thereof. *Liberty Mutual Ins. Co.*

4

*v. Garrison Contractors,* 966 S.W.2d 482 (1998).  However, we conclude ***545** that there is no reasonable possibility that Texas would allow recovery under Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA)) against an insurance company employee, who in the course of his employment engages in business of insurance, *in the absence of* evidence sufficient to sustain a finding that that employee *himself* committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff).

In both her motion to remand and on appeal Hornbuckle cites numerous district court orders (almost all unreported) remanding cases removed by State Farm on the theory that its instate employee co-defendant had been fraudulently joined. However, nearly all of these cases are ones in which removal was on the basis that the pleadings did not state a claim against the local defendant or in which there was no discovery and no relevant summary judgment type evidence.  As noted, these cases were alluded to by the district court here in awarding attorneys' fees to Hornbuckle.  However, as State Farm pointed out in its opposition to the motion for remand:

"[T]his Removal, unlike the litany of cases cited by Plaintiff in support of her Motion, is not based upon whether Plaintiff has pleaded causes of action that meet the threshold of stating a claim upon which the Courts have determined relief may theoretically be granted against a non-diverse State Farm Claim Representative, but rather upon whether Plaintiff has any *evidence* at all that would support any of her claims."

The record clearly contains no summary judgment type evidence sufficient to sustain a finding that Kirkpatrick violated Article 21.21 (or the DPTA) or other legal duty owed by him to Hornbuckle.

*Hornbuckle*, 385 F.3d at 544-45.

11.     The "causes of action" against Mr. Ewald are set forth in paragraph VI of Plaintiff's Original Petition.  After setting forth generalized allegations from the "laundry list" of the DTPA and Texas Insurance Code, Plaintiff asserts specific facts against Mr. Ewald.  Plaintiff alleges that Ewald "inspected Plaintiff's property."  He claims Ewald was "tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property."  Plaintiff states Ewald ignored covered damages and refused to address all of the

5

damages caused by the loss. The Plaintiff also claims that Mr. Ewald "prepared a repair estimate which vastly under-scoped the actual covered damages to the property." Plaintiff further asserts he "failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information for the Plaintiffs, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to [State Farm] and make recommendations to [State Farm] to address all the covered damages."

12. These allegations against Mr. Ewald are absolutely baseless. Mr. Ewald did not adjust the Plaintiff's claim. He has never been to Plaintiff's house, and was not tasked with the investigation, inspection, or adjustment of the damages to Plaintiff's residence. Another adjuster handled the claim for State Farm, and completed the inspection, investigation and estimate. As set forth in the attached Declaration, Mr. Ewald did not inspect, estimate or adjust this claim. (See Exhibit D, Declaration of David Ewald).

13. To successfully assert a claim under either the DTPA or Texas Insurance Code, the Plaintiff must be able to prove a deceptive act or practice that was a producing cause of the consumer's actual damages. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 702 (5th Cir. 1999); *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263-4 (5th Cir. 1995); *Weitzel v. Burnes*, 691 S.W.2d 598, 600 (Tex. 1985). Plaintiff claims Mr. Ewald performed tasks which are the basis of his claim against Mr. Ewald, but the truth is Mr. Ewald did not perform those tasks.

14. As such, complete diversity of citizenship exists in this action. That is, the citizenship of Plaintiff is different from the citizenship of State Farm Lloyds. See *Lincoln*

*Property Co. v. Roche*, 546 U.S. 81, 84 (2005) (diversity jurisdiction present when all parties on one side of action are citizens of different states from all parties on other side).

## THE REMOVAL IS PROCEDURALLY CORRECT

15. This Notice of Removal is filed by State Farm Lloyds within thirty (30) days after the date on which State Farm Lloyds was served with Plaintiff's Original Petition and citation. See 28 U.S.C. § 1446(b) (2012). This Notice of Removal is also filed within one (1) year of commencement of Plaintiff's lawsuit. See *id*.

16. As set forth in detail in this Notice of Removal, this Court has jurisdiction because there is complete diversity of citizenship between Plaintiff on the one hand and State Farm Lloyds on the other. Also as set forth in detail in this Notice of Removal, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

17. Venue is proper in this district under 28 U.S.C. § 1446(a) (2012) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claim or claims allegedly happened in this district.

18. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit. Additionally, attached as Exhibit B is a *List of Parties and Counsel* relating to this action, attached as Exhibit C hereto is an *Index of Matters Being Filed* in this action, and attached as Exhibit D hereto is the Declaration of David Ewald in this action. Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

19. Pursuant to 28 U.S.C. § 1446(d) (2012), promptly after the filing of this Notice of Removal, written notice thereof will be given to Plaintiff, the adverse party.

20.     Pursuant to 28 U.S.C. § 1446(d) (2012), promptly after the filing of this Notice of Removal, a true and correct copy thereof will be filed with the Clerk of Court of the District Court for Hidalgo County, Texas.

## CONCLUSION

21.     Based on the foregoing, State Farm Lloyds respectfully requests that this action be removed from the 275th Judicial District Court, Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.  State Farm Lloyds also respectfully asks that this Court enter such other and further orders as may be necessary or appropriate.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By: /s/ Daniel C. Andrews
    Daniel C. Andrews
    State Bar No. 01240940
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Telephone: (210) 344-3900
Facsimile:  (210) 366-4301

**COUNSEL FOR DEFENDANTS,
STATE FARM LLOYDS AND
DAVID EWALD**

## **CERTIFICATE OF SERVICE**

On January 19, 2016, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Robert A. Pollom
State Bar No. 24041703
Perry Dominguez
State Bar No. 24055414
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:           (210) 490-7402
Facsimile:            (210) 490-8372

            /s/ Daniel C. Andrews
            Daniel C. Andrews