## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **SALVADOR GONZALEZ** | § | **CIVIL ACTION NO.** |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | 7:16-cv-00027 |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **AND DAVID EWALD** | § | |
| | § | |
| **Defendants** | § | **JURY REQUESTED** |

## INDEX OF STATE COURT PAPERS
## IN CAUSE NO. C-5995-15-E

1. Cover Docket Sheet for the District Court, 275th Judicial District, Hidalgo County, Texas

2. Plaintiff's Original Petition

3. Citation issued 12/08/15 for State Farm Lloyds

4. Citation issued 12/08/15 for David Ewald

5. Return of Service – Certified Mail – State Farm Lloyds

6. Return of Service – Certified Mail – David Ewald

7. Original Answer of Defendant State Farm Lloyds and David Ewald to Plaintiff's Original Petition


EXHIBIT
A

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back   Location : All Courts

# REGISTER OF ACTIONS
## CASE NO. C-5995-15-E

| | | | |
|---|---|---|---|
| Salvador Gonzalez VS. State Farm Lloyds and David Ewald | § § § § § | Case Type: | Contract - Consumer/Commercial/Debt (OCA) |
| | | Subtype: | Hail Storm 2012 - 93rd |
| | | Date Filed: | 12/07/2015 |
| | | Location: | 275th District Court |

---

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Ewald, David | |
| Defendant | State Farm Lloyds | DANIEL C. ANDREWS<br>*Retained*<br>210-344-3900(W) |
| Plaintiff | Gonzalez, Salvador | Robert Andrew Pollom<br>*Retained*<br>210-490-7402(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 12/07/2015 | **Original Petition (OCA)** | | |
| | *POP Citation Request* | | |
| 12/08/2015 | **Citation** | | |
| | *sent via tex file to atty* | | |
| | State Farm Lloyds | Served | 12/19/2015 |
| | | Returned | 01/13/2016 |
| | Ewald, David | Served | 12/22/2015 |
| | | Returned | 01/13/2016 |
| 12/08/2015 | **Service Issued** | | |
| 01/11/2016 | **Answer** | | |
| | *Original Answer of Defendants State Farm Lloyds and David Ewald to Plaintiff's Original Petition* | | |
| 01/13/2016 | **Service Returned** | | |
| | *State Farm Lloyds served on 12/19/15* | | |
| 01/13/2016 | **Service Returned** | | |
| | *David Ewald served on 12/22/15* | | |

---

## FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant Ewald, David** | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | Balance Due as of 01/18/2016 | | | 0.00 |
| 01/14/2016 | Transaction Assessment | | | 2.00 |
| 01/14/2016 | EFile Payments from TexFile | Receipt # DC-2016-003214 | Ewald, David | (2.00) |
| | | | | |
| | **Defendant State Farm Lloyds** | | | |
| | Total Financial Assessment | | | 4.00 |
| | Total Payments and Credits | | | 4.00 |
| | Balance Due as of 01/18/2016 | | | 0.00 |
| 01/13/2016 | Transaction Assessment | | | 2.00 |
| 01/13/2016 | EFile Payments from TexFile | Receipt # DC-2016-002671 | State Farm Lloyds | (2.00) |
| 01/14/2016 | Transaction Assessment | | | 2.00 |
| 01/14/2016 | EFile Payments from TexFile | Receipt # DC-2016-003211 | State Farm Lloyds | (2.00) |
| | | | | |
| | **Plaintiff Gonzalez, Salvador** | | | |
| | Total Financial Assessment | | | 320.00 |
| | Total Payments and Credits | | | 320.00 |
| | Balance Due as of 01/18/2016 | | | 0.00 |

| 12/07/2015 | Transaction Assessment | | | 320.00 |
| 12/07/2015 | EFile Payments from TexFile | Receipt # DC-2015-134691 | Gonzalez, Salvador | (320.00) |

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-5995-15-E

| | | |
|---|---|---|
| SALVADOR GONZALEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| AND DAVID EWALD | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff SALVADOR GONZALEZ, files this Original Petition against STATE FARM LLOYDS ("STATE FARM" or the "INSURANCE DEFENDANT"), and DAVID EWALD ("EWALD" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Hidalgo County, Texas.

Defendant STATE FARM is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

1

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5995-15-E**

- · The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever else it may be found.

Defendant, DAVID EWALD, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at, 5519 53rd Street Suite 101, Lubbock, Texas 79414, or wherever else he may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiff and property which is the subject of this suit are located in Hidalgo County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 1006 South 19th Avenue, Edinburg, Texas 78539 (hereinafter referred to as "the Property").

2

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5995-15-E**

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy.  Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff.  INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was

3

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

### C-5995-15-E

caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary

4

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5995-15-E

information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.

### CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

**A. BREACH OF CONTRACT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above,

5

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5995-15-E**

to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

### 1.    UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2.    THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article

6

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5995-15-E

are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### VI.
### CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

## A.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, EWALD, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the

7

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5995-15-E**

Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his

agents constitute one or more violations of the Texas Insurance Code. More specifically,

the ADJUSTER DEFENDANT has, among other violations, violated the following

provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE

DEFENDANT assigned the loss and the claim to DAVID EWALD who was at all pertinent

times the agent of the INSURANCE DEFENDANT, through both actual and apparent

authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are

attributed to the INSURANCE DEFENDANT.

8

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5995-15-E

ADJUSTER DEFENDANT inspected Plaintiff's property on or about July 7, 2015. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Ewald, ignored covered damages including but not limited to the roof, soffit, fascia, trim, living room, bathroom, back right bedroom, garage, kitchen, and fencing. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about July 8, 2015, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries

9

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5995-15-E

regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5995-15-E**

are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

11

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5995-15-E**

### IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

12

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5995-15-E**

### X.
### REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

### XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### XII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

13

Electronically Filed
12/7/2015 11:39:15 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5995-15-E**

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:      (210) 490-7402
Facsimile:       (210) 490-8372

BY:            /s/ Robert A. Pollom
                Robert A. Pollom
                State Bar No. 24041703
                robert@krwlawyers.com
                Perry Dominguez
                State Bar No. 24055414
                perry@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

14



**CPU** U.S. POSTAGE
$ 7.890
MAILED DEC 15 2015
78247
PB 1P 000
3650533
FCMIF



STATE FARM LLOYDS
C/o Corporation Service Company
211 E. 7th STREET, SuiTe 620

AustiN, Tx 78701



7015 0640 0000 3746 8470

**BRAVO'S LEGAL PROCESSING**
14080 NACOGDOCHES ROAD
No. 320
SAN ANTONIO, TX. 78247

C-5995-15-E
275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION

STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**State Farm Lloyds**
**By Serving its Registered Agent:**
**Corporation Service Company**
**211 East 7th Street, Suite 620**
**Austin, TX 78701**
**Or Wherever it May be Found**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 7th day of December, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-5995-15-E, **SALVADOR GONZALEZ VS. STATE FARM LLOYDS AND DAVID EWALD**

Said Petition was filed in said court by ROBERT ANDREW POLLOM, 16500 SAN PEDRO, SUITE 302, SAN ANTONIO, TX 78232.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 8th day of December, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**JENNIFER SINDES, DEPUTY CLERK**

DATE 1/19/16
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#8

C-5995-15-E
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
           miles ...................$_____


_____
**DEPUTY**
## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

C-5995-15-E
275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION

STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**David Ewald**
**5519 53rd Street, Suite 101**
**Lubbock, TX 79414**
**Or Wherever he May be Found**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 7th day of December, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-5995-15-E, **SALVADOR GONZALEZ VS. STATE FARM LLOYDS AND DAVID EWALD**

Said Petition was filed in said court by ROBERT ANDREW POLLOM, 16500 SAN PEDRO, SUITE 302, SAN ANTONIO, TX 78232.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 8th day of December, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**JENNIFER SINGER DEPUTY CLERK**

DATE _____

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#B

**C-5995-15-E**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
      miles ...................$_____


_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
1/13/2016 9:12:39 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

C-5995-15-E
275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION

STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**State Farm Lloyds**
**By Serving its Registered Agent:**
**Corporation Service Company**
**211 East 7th Street, Suite 620**
**Austin, TX 78701**
**Or Wherever it May be Found**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 7th day of December, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-5995-15-E, **SALVADOR GONZALEZ VS. STATE FARM LLOYDS AND DAVID EWALD**

Said Petition was filed in said court by ROBERT ANDREW POLLOM, 16500 SAN PEDRO, SUITE 302, SAN ANTONIO, TX 78232.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 8th day of December, 2015.

LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS

JENNIFER SINDEZ, DEPUTY CLERK

DATE _____
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#8

Electronically Filed
1/13/2016 9:12:39 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

C-5995-15-E
## OFFICER'S RETURN

Came to hand on _14_ of _DECEMBER_, 201 _5_ at _2:00_ o'clock _P_.m. and executed in _TRAVI_ ___ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| STATE FARM Lloyd | 9er 12-17-15 | 9:50 | 211 E. 7TH, #620 AUSTIN, TT |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _ELOY BRAVO_, my date of birth is _02-02-61_ and the address is _14050 NACOGDOCHES #320_, and I declare under penalty of perjury that the foregoing is true and correct. _S·A·T E_

EXECUTED in _TRAVI_ County, State of Texas, on the _17_ day of _DECEMBER_, 201 _5_.

_Cl_
_____
**Declarant"**

SCH 2065 / 9·30·2018
_____
If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number

Electronically Filed
1/13/2016 9:12:39 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STATE FARM LLOYS
c/o CSC
211 E. 7th ST. #620
AUSTIN, TX 78701

9590 9401 0006 5168 5903 11

7015 0640 0000 3746 8470

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

O F F I C I A L

Certified Mail Fee   $3.45

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $ 2.80
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required   $
☐ Adult Signature Restricted Delivery $

Postage   1.64

Total Postage and Fees
$   7.89

Sent To  STATE FARM LLOYDS
Street and Apt. No., or PO Box No.  211 E. 7th ST. #620
City, State, ZIP+4  AUSTIN, TX 78701

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

DEC 15 2015
SAN ANTONIO TX 78

7015 0640 0000 3746 8470

Electronically Filed
1/13/2016 9:14:35 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

C-5995-15-E

**275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

JC0

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**David Ewald
5519 53rd Street, Suite 101
Lubbock, TX 79414
Or Wherever he May be Found**

5⁴⁴

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 7th day of December, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-5995-15-E, **SALVADOR GONZALEZ VS. STATE FARM LLOYDS AND DAVID EWALD**

Said Petition was filed in said court by ROBERT ANDREW POLLOM, 16500 SAN PEDRO, SUITE 302, SAN ANTONIO, TX 78232.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 8th day of December, 2015.

**LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS**

DATE 1/9/16

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#B

**JENNIFER SINGER, DEPUTY CLERK**

Electronically Filed
1/13/2016 9:14:35 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

**CAUSE NO. C-5995-15-E**

| | | |
|---|---|---|
| Salvador Gonzalez | § | **IN THE COURT OF** |
| | § | |
| Plaintiff, | § | |
| VS. | § | **HIDAALGO COUNTY, TEXAS** |
| | § | |
| STATE FARM LLOYDS AND DAVID EWALD | § | |
| Defendant. | § | **275TH DISTRICT COURT** |

**AFFIDAVIT OF SERVICE**

On this day personally appeared Alex Cavazos who, being by me duly sworn, deposed and said:

"The following came to hand on Dec 21, 2015, 8:50 am,

**CITATION AND ORIGINAL PETITION,**

and was executed at 3405 95th Street, Lubbock, TX 79423 within the county of LUBBOCK at 04:33 PM on Tue, Dec 22 2015, by delivering a true copy to the within named

**DAVID EWALD**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is Alex Cavazos, my date of birth is 01/14/1961, and my address is 2712 87th Street, Lubbock, Tx 79423, and United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Lubbock County, State of TX, on January 04, 2016.

_____
Alex Cavazos
License #: SCH 7675

Electronically Filed
1/11/2016 9:45:59 AM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

## CAUSE NO.  C-5995-15-E

| | | |
|---|---|---|
| **SALVADOR GONZALEZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **275TH JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **AND DAVID EWALD** | § | |
| | § | |
| **Defendants** | § | **HIDALGO COUNTY, TEXAS** |

## ORIGINAL ANSWER OF DEFENDANTS STATE FARM LLOYDS AND DAVID EWALD TO PLAINTIFF'S ORIGINAL PETITION

STATE FARM LLOYDS ("State Farm") and DAVID EWALD, Defendants in the above-styled and numbered cause, and, reserving the right to file other and further pleadings, exceptions and denials, files this Original Answer to Plaintiff's Original Petition and would respectfully show the Court and Jury the following:

## GENERAL DENIAL

1.     Defendants assert a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, STATE FARM LLOYDS and DAVID EWALD pray upon a final hearing hereof Plaintiff recover nothing of and from Defendants STATE FARM LLOYDS and DAVID EWALD and the Court enter a take-nothing judgment, and for all other just relief to which it may be justly entitled.

Electronically Filed
1/11/2016 9:45:59 AM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By: /s/ Daniel C. Andrews
       Daniel C. Andrews
       State Bar No. 01240940
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Telephone: (210) 344-3900
Facsimile:  (210) 366-4301
**COUNSEL FOR DEFENDANTS,**
**STATE FARM LLOYDS AND DAVID EWALD**

## CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Civil Procedure, on the 11th day of January, 2016, the above and foregoing instrument was served upon:

Robert A. Pollom
Perry Dominguez
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232

        /s/ Daniel C. Andrews
        Daniel C. Andrews